IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROY WAYNE AVERY, #141 980 | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 2:03-CV-793-A (WO) |
| MYRA K. PETERS | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 on July 31, 2003. In the complaint, Plaintiff alleges that the defendant, Myra Peters, an account clerk at the Easterling Correctional Facility, improperly deducted $25.00 from his inmate account. Peters assessed the $25.00 fee against Plaintiff's prisoner account for reimbursement of a drug test administered to him while he was incarcerated at the St. Clair Correctional Facility. Plaintiff seeks reimbursement of his inmate account in the amount of $25.00.

Pursuant to the orders of this court, Defendant filed a special report and supporting evidentiary material addressing Plaintiff's claims for relief. (Doc. Nos 12.) The court deems it appropriate to treat this document as a motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof, and Plaintiff's response

(Doc. No. 20), the court concludes that the motion for summary judgment should be granted.

## I. FACTS

On May 7, 2002, prison personnel at the St. Clair Correctional Facility collected a urine sample from Plaintiff. The sample tested positive for the presence of marijuana. Disciplinary action was initiated against Plaintiff on May 13, 2002 as a result of his violation of Rule 90, consumption or use of, or under the influence of alcohol, narcotics, or other intoxicants. Following a disciplinary hearing held on May 16, 2002, Plaintiff was found guilty and sanctioned to 30 days in disciplinary segregation, 90 days loss of store, telephone, and visitation privileges, review for more restrictive custody status, and enrollment in AA/NA with active participation for one year. (Doc. No. 12, Exhs. 1, 2.)

Plaintiff was transferred to the Easterling Correctional Facility on May 16, 2002. On or about May 17, 2002 Peters received a copy of Plaintiff's disciplinary for violation of Rule 90. Attached to the disciplinary report was a note from an account clerk employed with the St. Clair Correctional Facility. The noted indicated that Plaintiff had been transferred before the fee associated with his positive drug test could be charged to his inmate account , and it was, therefore, requested that the charge be placed in Easterling's system. Peters complied with the request and subsequently made the $25.00 deduction from Plaintiff's inmate account

in accordance with the Department of Corrections' Administration Regulation 440.[1] (Doc. No. 12, Exhs. 3-4.)

## II. DISCUSSION

Plaintiff argues that the sanctions imposed as a result of the disciplinary he received for violating Rule 90 did not include payment of a fee for the positive drug test. Further, although Administrative Regulation 440 lists various sanctions which may be imposed on inmates following a positive drug screen, including but not limited to payment of the drug test, Plaintiff contends that Administrative Regulation 403 prescribes the procedures to be followed prior to imposition of the drug testing charge. Plaintiff maintains that such procedures were not followed prior to the removal of funds from his inmate account. He, therefore, contends that Defendant's confiscation of his funds was unapproved and not in accordance with Department of Corrections' regulations which resulted in a violation of his right to due process. (Doc. No. 20.)

Insofar as Plaintiff's complaint about the allegedly improper confiscation of his funds is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [funds from Plaintiff's inmate account were] not returned because of [Peters'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent

---

[1] Administration Regulation 440 concerns inmate drug screening. Paragraph X of the regulation lists various sanctions that may be imposed on inmates for positive test results including payment of the fee associated with administration of the drug test. (Doc. No. 12, Exh. 4.)

> loss of property does not rise to the level of a constitutional violation.) If [Peters] intentionally refused to return the [funds], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Peters] acted without authorization. If [Peters] was acting pursuant to authorization, h[er] actions would be within the outer perimeter of h[er] duties and would not have violated any clearly established constitutional right and therefore [s]he would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Peters] was acting in bad faith outside the scope of h[er] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in torturous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

    The State of Alabama, through its Board of Adjustment, provides a meaningful post-

deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*. (1982). In light of this adequate state remedy, Plaintiff's allegation that Peters violated his due process rights when she deducted funds from his inmate account as a result of his positive drug test, whether it was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants motion for summary judgment (Doc. No. 12) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. Plaintiff's complaint be DISMISSED with prejudice under the provisions of 28 U.S.C. § 1915(e)(2)(B(i); and

4. The costs of this proceeding be taxed against Plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 15, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE